Case 5:20-cv-01332-CLS   Document 14   Filed 09/21/21   Page 1 of 7            FILED
                                                                              2021 Sep-21 PM 03:34
                                                                              U.S. DISTRICT COURT
                                                                                  N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **AMY DENISE CAUSEY,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. 5:20-CV-01332- |
| ) | CLS |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

Claimant, Amy Denise Causey, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying Ms. Causey's claim for supplemental security income.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's "step three" analysis of Listing 1.04 is contradicted by the evidence of record, and that the ALJ's determination that claimant can perform a full range of sedentary work is not supported by substantial evidence. Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

**A.   The ALJ's "Step Three" Analysis of Listing 1.04**

The ALJ found that claimant suffered from the severe impairments of mild degenerative changes in the left knee, moderately severe degenerative changes in the left hip, SI joint arthritis, dorsalgia lumbosacral region, moderate osteoarthritis in the lumbosacral spine, degenerative disc disease at L-5-S1 with bilateral foraminal stenosis and multilevel facet hypertrophy, a bulging disc at L3-4, and obesity.[2] Even so, he found at step three of the five-step evaluation process that those impairments did not meet any of the listings.[3] Specifically, the ALJ stated that

> The undersigned specifically considered listing 1.02 and 1.04.

---

[2] Tr. 15.

[3] *Id.*

> Moreover, the claimant has not specifically alleged that any of her impairments meet or medically equal the criteria of any section of the Listing of Impairments. No examining or treating medical source has reported that the claimant has an impairment that medically equals the criteria of a listed impairment. The evidence does not support the existence of an impairment that closely approaches the criteria of any impairment included in the Listing of Impairments, and the severe impairments have not been assessed by any medical source as having medical findings that are equivalent to the criteria of any impairment included in the Listing of Impairments. The relevant medical evidence, as demonstrated by medically acceptable clinical and laboratory diagnostic techniques, does not establish medical equivalency, and no physician designated by the Agency has opined that the claimant's impairments are medically equivalent to any section of the Listing of Impairments, per 20 C.F.R. §§ 416.925, 416.926, SSR 86-8, SSR 17-2p, and HALLEX I-2-6-70(D), as shown by the limitations expressed by the claimant's residual functional capacity.

Tr. 15-16. Claimant contends that the ALJ should have referred specifically to the record evidence when making this evaluation.[4] The Commissioner argues that the ALJ's finding at step three was sufficient, given that claimant had the burden of proving that she met a listing and failed to do so.

The ALJ noted that he specifically considered two listings: 1.02 and 1.04. He did not make particular evidentiary findings with regard to either of the listings, but instead generally stated that the record evidence did not support a finding that claimant met any listing.[5] *While it would have been preferable for the ALJ to explain*

---

[4] Doc. no. 11 (Claimant's brief), at 9.

[5] Tr. 15-16.

3

*his reasoning*, a more detailed explanation is not required, and the court finds that his conclusion is supported by substantial evidence. *See, e.g., Prince v. Comm'r Soc. Sec. Admin.,* 551 F. App'x 967, 971 (11th Cir. 2014) ("To the extent [claimant] argues that the ALJ failed to make detailed findings or explicitly discuss whether her impairments met or equaled Listing 4.04C, this argument is meritless."). That is true where, as here, the ALJ discussed the relevant medical evidence in step four, demonstrating that he had, in fact, considered that evidence when determining whether claimant met listing 1.04, or any other listing.

**B.     Residual Functional Capacity**

The ALJ found that claimant had the residual functional capacity "to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a)."[6] Claimant contends that the ALJ should have found limitations to her ability to perform work at the sedentary level of exertion, and should have performed a "function-by-function" analysis of claimant's ability to perform a full range of sedentary work.

---

[6] That regulation defines sedentary work as

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R.§ 416.967(a).

Specifically, claimant contends that the ALJ should have limited her ability to perform sedentary work to the extent noted by James P. Bailey, M.D., the State agency physician.

The ALJ reviewed Dr. Bailey's opinion, and noted his opinion that claimant could perform a range of sedentary work. Dr. Bailey concluded that claimant's ability to perform sedentary work should be limited to exclude "the ability to stair climb, balance, stoop, kneel, crouch[ ] and crawl, and make ropes and ladders never."[7] The ALJ found Dr. Bailey's opinion unpersuasive, explaining that it was "not consistent or supported by the evidence as a whole."[8] The ALJ observed that imaging in the record "more reasonably supports that the claimant can perform a full range of sedentary work."[9]

The ALJ also reviewed the opinion of consultative physician Dr. Philip Abiodun Badewa, who did not provide an opinion regarding claimant's ability to perform basic work activities.[10] The ALJ stated that, "under the current rules, his lack of articulation about the claimant's functional limitations is neither inherently

---

[7] Tr. 53.

[8] Tr. 20.

[9] *Id.*

[10] *Id.*

valuable nor persuasive."[11]  Even so, the ALJ considered Dr. Badewa's *examination*, as well as all of the other evidence, in evaluating claimant's residual functional capacity.[12]

Claimant's contention that the ALJ should have performed a "function-by-function" analysis is without merit.  "Provided the ALJ considers all of the evidence, he is not required to specifically and explicitly set forth his findings on a 'function-by-function basis' concerning a claimant's functional limitations and work-related abilities."  *Goodrow v. Colvin*, No. 2:13-cv-672-FtM-CM, 2014 WL 3955076, at *3 (M.D. Fla. Aug. 13, 2014) (citing *Freeman v. Barnhart*, 220 F. App'x 957, 959-60 (11th Cir. 2007).  Here, the ALJ considered the relevant medical evidence, as well as her self-reported activities of daily living (*i.e.*, lives with and cares for minor son, performs household chores, drives daily, shops online, watches television, and handles her finances), when concluding that she was able to perform a full range of sedentary work.  As such, the ALJ's finding is supported by substantial evidence.

### C. Conclusion

In summary, the court concludes that the ALJ's decision regarding claimant's disability was supported by substantial evidence and in accordance with applicable

---

[11] *Id.*

[12] Tr. 20.

legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.

Costs are taxed to claimant.  The Clerk is directed to close this file.

**DONE** and **ORDERED** this 21st day of September, 2021.

_____
Senior United States District Judge